UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**M&C CORP.**

    **Plaintiff,**     **CIVIL ACTION NO. 91-CV-74110-FL**

  **vs.**         **DISTRICT JUDGE PAUL V. GADOLA**

**ERWIN BEHR GmbH & Co.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ASSESSMENT OF LITIGATION EXPENSES AND STATUTORY DAMAGES**

   Plaintiff filed this contract action suit against Defendants on August 19, 1991. Plaintiff filed the instant motion for assessment of litigation expenses and statutory damages on September 9, 2005. The motion was referred to the undersigned on October 13, 2005. Following thorough briefing by the parties, the Court entertained oral argument on November 1, 2005. Plaintiff's instant motion seeks $1,135,000 in litigation expenses and $3,441,935 in statutory damages from Defendants.

HISTORY

   Behr, a German limited liability entity, entered into a contract on March 18, 1985, with M & C Corporation, a Michigan corporation doing business as the Connelly Company. Pursuant to the agreement, Connelly was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury automobiles. In addition, the contract specified that the "agreement shall be interpreted with and governed by the laws of the State of Michigan," and that "[a]ll disputes arising in connection with the present contract shall be finally settled under the Rules of the Court of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules."

> In 1991, Behr announced, in accordance with the provisions of the contract, that the agreement would be terminated. When Behr failed to forward to Connelly the commissions earned by the Michigan company for some of the sales and client development work performed, however, Connelly filed suit in federal district court seeking damages for breach of contract, improper termination of contract, and tortious interference with contractual relations.

*M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 846 (6th Cir. 1996) ("*Behr I*").

The District Court entered a stay of Plaintiff's complaint pending arbitration on November 21, 1991. On March 1, 1994, the designated arbitrator issued an award sentence ("the 1994 arbitration award") containing eleven individual arbitration awards. *M & C Corp. v. Erwin Behr GmbH & Co. KG,* Case No. 7453/FMS March 1, 1994 (International Court of Arbitration) (attached to Def. Erwin Behr GmbH &Co. KG's Brief in Opp. to Pl.'s Mot. Ex. 2). Of principal importance to this case are the 1994 arbitration award's "seventh arbitration award" and "eighth arbitration award."

In the seventh arbitration award, the arbitrator determined that Defendants' failure to pay commissions when due was intentional and that Plaintiff was therefore entitled not only to the value of the unpaid commissions addressed in other arbitration awards, but also to additional damages under Michigan Sales Commission Representatives Act ("MSCRA"). *See* MCL § 600.2961(5).[1] The arbitrator further found that MSCRA damages were properly computed with "reference to due and unpaid commissions for each period stipulated in the contract" and that the $100,000 damage cap in § 600.2961(5)(b) defined the maximum damages allowed in each contract period, and did not cap the total damages available for violation of a single contract at $100,000. The arbitrator

---

[1] When a principal "intentionally" fails to pay commissions at the time they are due, MCL § 600.2961(5)(b) allows a sales representative to recover "2 times the amount of commissions due . . . or $100,000.00, whichever is less."

determined that Plaintiff was entitled to recover $683,761 in damages under § 600.2961(5)(b) for the period from July 1992 through May 1993.

In the eighth arbitration award, the arbitrator determined that Plaintiff was entitled under the contract to future commissions on certain Behr products. Specifically, Behr would be required to pay commissions on "all new orders which are not renewal or extensions orders, received from customers within three years following the date of termination."

Plaintiff moved to have the District Court confirm the 1994 arbitration award. The District Court confirmed the entire 1994 arbitration award, and the Sixth Circuit affirmed the District Court's decision on appeal in *Behr I*, 87 F.3d 844. While awaiting a decision from the Sixth Circuit in *Behr I*, Plaintiff moved the District Court to enforce the various arbitral awards, including arbitration award eight. On January 31, 1996, the District Court granted Plaintiff's enforcement motions, found Defendant Behr in contempt of court, appointed a receiver for Behr, and imposed a limited receivership over Defendant Behr's interest in Defendant Behr Industries Corp. ("BIC"). However, the District Court concluded that the eighth award was ambiguous in scope and remanded the eighth award to the arbitrator for a clarification. The Sixth Circuit concluded on appeal that the eighth award was not ambiguous and therefore vacated the order to remand and directed the District Court to continue enforcement proceedings. *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 143 F.3d 1033 (6th Cir. 1998) ("*Behr II*").

The parties continued to dispute the scope of the eighth arbitration award in the wake of *Behr II*. The District Court again determined that a portion of the eighth arbitration award was ambiguous and remanded eighth arbitration award to the original arbitrator for clarification. On appeal of this order, the Sixth Circuit determined that the District Court had not identified the ambiguity in the

-3-

eighth award with sufficient clarity.  *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 326 F.3d 772, 783 (6th Cir. 2003) ("*Behr III*").  The *Behr III Court* vacated the District Court's order of remand with instructions to either proceed with enforcement proceedings or "enter [a remand] order specifying in what respects the Eighth Award is unclear as to its application."  *Id.* at 785.

Following *Behr III*, the District Court again remanded the eighth arbitration award to clarify the exact scope of commissionable products under the eighth award and state the amount of any outstanding payment.  This remand order was also appealed.  The Sixth Circuit originally issued a ruling on June 17, 2005.  *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 2005 WL 1413132 (6th Cir. June 17, 2005) *vac'd* 04-1557 (6th Cir. July 27, 2005)("*Behr IV*").  However, the *Behr IV* Court was apparently unaware that the arbitrator had issued oral findings in clarification of the eighth award at an April 13, 2005 hearing.  The arbitrator issued a written clarification of the eighth award on June 18, 2005, one day after the *Behr IV* decision, finding that Defendants owed $1,376,103 in unpaid commissions and $550,169 in interest under the eighth award.  (Def. Erwin Behr ... at Ex. 10).  The arbitrator declined to rule on Plaintiff's request to be compensated for litigation expenses or Plaintiff's request for statutory damages in connection with the contract damages determined in award eight, as he considered these requests beyond the scope of the District Court's remand.  Apprised of the arbitrator's clarification, the Sixth Circuit issued an order vacating *Behr IV* and remanding the case to the District Court with instructions for "*enforcement* proceedings in

accordance with the arbitration award." *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 04-1557 (6th Cir. July 27, 2005) ("*Behr V*") (emphasis added).

## ANALYSIS

The arbitration clause in the original contract between Plaintiff and Defendants provided that "[a]ll disputes arising in connection with the present contract shall be finally settled under the Rules of the Court of Arbitration of the International Chamber of Commerce[.]" *Behr I*, 87 F.3d at 846. The arbitration proceedings in this case took place in London, England. Confirmation and enforcement of the arbitration award in this case are governed by the Federal Arbitration Act, 9 U.S.C. § 201 et. seq, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53 ("the New York Convention"). *Behr I*, 87 F.3d at 850.

**The Arbitrator's Clarification is not a New Award, and Enforcement Must Proceed**

Plaintiff now seeks to recover litigation expenses incurred litigating the scope of the eighth award and statutory damages now owing under the seventh award.[2] Defendants initially argue that Plaintiff's Motion is premature because Plaintiff has not yet moved to "confirm" the arbitrator's clarification of the eighth award. Defendants argue that the clarification of the eighth award is really a new arbitration award and that Plaintiff must have it confirmed by the District Court before Plaintiff may seek to enforce the award or collect other damages related to it. Defendants' argument fails because the eighth arbitration award is a portion of the 1994 arbitration award, which been

---

[2]The clarified eighth award entitles Plaintiff to contract damages because of Defendants' failure to pay commissions when due. The seventh award provides a rule for calculating the additional statutory damages due to Plaintiff once the size of Defendants' contract liability has been determined.

confirmed in its entirety and has never been vacated.

The Sixth Circuit affirmed the District Court's decision to confirm the entire 1994 arbitration award in *Behr I*. In *Behr II, Behr III,* and *Behr IV* the Sixth Circuit vacated the District Court's various remand orders and directed the District Court to *enforce* the arbitration award. The *Behr II* Court specifically held that an order to remand for clarification issued after an arbitration award has been confirmed does not vacate the confirmation of the arbitration award:

> The district court in its order to stay enforcement [and remand to the arbitrator for clarification of the eighth award] *did not vacate, set aside or modify its earlier ruling of confirmation* and judgment. Indeed, it only sought to clarify the award for the limited purpose of assuring an accurate execution of the judgment. . . [T]he clarification sought by the district court served *solely* to ensure an accurate execution of the eighth award--the substance of which had already been determined by the arbitrator.

*Behr II*, 143 F.3d at 1037 (emphases added).

In *Behr V*, the Sixth Circuit directed the District Court to begin *enforcement* proceedings, which are only appropriate when an award has been confirmed and judgment entered. Thus, it is clear that the eighth award has been confirmed since 1994, and Plaintiff does not need to reconfirm it before attempting to enforce it.

**Statutory Damages Under the Seventh Award**

Defendants next argue that Plaintiff is not entitled to the statutory damages now owed under the seventh award because it incorrectly applies Michigan law. This argument, too, fails. Judicial review of an award under the New York Convention is "extremely limited and extends only to procedural aspects of the determination." *Behr I*. 87 F.3d at 848. As the *Behr I* court made clear more than a decade ago, mistake of law, manifest disregard of law, and miscalculation of fact are not defenses to the enforcement of an arbitration award under the New York Convention. *Id.* at at

850.  Even if the seventh award is a misstatement of Michigan Law, the Federal Courts are without

jurisdiction to review such a mistake, and must enforce the arbitration award.  *Id.*

Defendants do not argue that Plaintiffs' calculation of statutory damages is a misapplication

of the rule announced in the seventh award.  Plaintiff is therefore entitled to the claimed statutory

damages of $3,441,935.

**Attorneys' Fees**

Plaintiff claims that M.C.L. §§ 600.2961(6) and 2961(1)(c) allow it to recover reasonable

attorneys fees incurred in connection with litigating the eighth award and the instant motion for

statutory damages.  Defendants argue that Plaintiff is not entitled to litigation fees and expenses

because Plaintiff is not a "prevailing party" with respect to the clarified eighth award or on its

motion for statutory damages.  M.C.L. § 2961(1)(c) provides that a prevailing party is a party who

"wins on all the allegations of the complaint or on all of the responses to the complaint."

Defendants' argument assumes that Plaintiff cannot begin to enforce the clarified eighth award until

after a second confirmation proceeding and that Plaintiff is not entitled to its claimed statutory

damages.  Both of these assumptions are incorrect.  Plaintiff has prevailed both with respect to the

eighth award and with respect to the instant motion for statutory damages.  Plaintiff is therefore

entitled to recover reasonable attorneys fees incurred in connection with litigating those two issues.

Defendant claims that Plaintiff has not provided sufficient detail for the Court to determine

whether its claimed $755,000 in attorney fees were reasonable.  Plaintiff has neither submitted a bill

from its attorneys nor a detailed statement of attorneys fees.  While Plaintiff may be able to

demonstrate that it reasonably incurred $755,000 or more in attorneys fees and litigation expenses

during the protracted litigation of the eighth award and this motion, Plaintiff has not yet done so.

-7-

Plaintiff may submit a detailed Bill of Costs concerning its expenses in litigating the eighth award and the instant motion.

**Receiver's Fees**

Plaintiff claims it is entitled to $380,000 in fees incurred by the court appointed receiver, Gerald Hepp. Defendants argue that Plaintiff is not entitled to be compensated for expenses incurred by Mr. Hepp because the results of his work have been so favorable to Plaintiff that he must be considered an expert witness for the Plaintiff. Defendants have not shown that any portion of Mr. Hepp's work is outside of the bounds of the receivership imposed by this Court, and the Court should continue to treat him as a duly authorized receiver.

Defendants also object that Plaintiff has not shown that Mr. Hepp's fees and expenses were reasonably incurred. Plaintiff has produced a statement from Mr. Hepp indicating that he has $380,000 in outstanding fees, but has produced no evidence sufficient to permit the Court to determine whether or not these fees were reasonable.

Accordingly, Plaintiff's Motion for Assessment of Statutory Damages should be **GRANTED**. Plaintiff's Motion for Assessment of Litigation Expenses should be **DENIED** without prejudice.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not

preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: March 13, 2006                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE




**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 13, 2006                     s/ Lisa C. Bartlett
                                          Courtroom Deputy