UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**M&C CORP.**

        **Plaintiff,**　　　　　　　　　**CIVIL ACTION NO. 91-CV-74110-FL**

  **vs.**　　　　　　　　　　　　　　　**DISTRICT JUDGE PAUL V. GADOLA**

**ERWIN BEHR GmbH & Co.,**　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

### REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT OF COURT FOR VIOLATION OF INJUNCTION AGAINST TRANSFER OF ASSETS OF ERWIN BEHR AND RECEIVERSHIP OF BEHR INDUSTRIES

    Plaintiff filed this contract action suit against Defendants on August 19, 1991. Plaintiff filed the instant Motion for Contempt of Court For Violation of Injunction Against Transfer of Assets of Erwin Behr and Receivership of Behr Industries on September 9, 2005. The motion was referred to the undersigned on October 13, 2005. Following thorough briefing by the parties, the Court entertained oral argument on November 1, 2005. Plaintiff's instant motion seeks several forms of equitable relief for what it considers to be a clear violation of an Order of this Court.

### HISTORY

> [Defendant Erwin Behr Gmbh & Co.], a German limited liability entity, entered into a contract on March 18, 1985, with M & C Corporation, a Michigan corporation doing business as the Connelly Company. Pursuant to the agreement, Connelly was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury automobiles. . . .
> In 1991, Behr announced, in accordance with the provisions of the contract, that the agreement would be terminated. When Behr failed to forward to Connelly the commissions earned by the Michigan company for some of the sales and client development work performed, however, Connelly filed suit in federal district court

> seeking damages for breach of contract, improper termination of contract, and tortious interference with contractual relations.

*M & C Corp. v. Erwin Behr GmH & Co., KG*, 87 F.3d 844, 846 (6th Cir. 1996) ("*Behr I*").

The District Court entered a stay of Plaintiff's complaint pending arbitration on November 21, 1991. On March 1, 1994, the designated arbitrator issued an award sentence ("the 1994 arbitration award") containing eleven individual arbitration awards. *M& C Corp. v. Erwin Behr GmbH & Co. KG,* Case No. 7453/FMS March 1, 1994 (International Court of Arbitration) (attached to Def. Erwin Behr GmbH &Co. KG's Brief in Opp. to Pl.'s Mot. at Ex. 2).

The decision of this Court to confirm the arbitration award was upheld by the Sixth Circuit in 1996. *Behr I*, 87, F.3d 844. Plaintiff's attempts to collect the amounts due under the arbitration award were met with substantial resistance. Accordingly, Plaintiff sought to have a receivership imposed in order to help enforce the arbitration award. Plaintiff alleged that Defendant Erwin Behr GmbH & Co. ("Behr") owned and controlled Defendant Behr Industries Corp., ("BIC"), a Michigan manufacturer, through "an elaborate maze of corporate shells," and sought a limited receivership over the interest Erwin Behr held in BIC.[1] While Plaintiff was unable to discover the exact nature of Erwin Behr's interest in BIC, Plaintiff's Motion was nonetheless successful, and this Court imposed a limited receivership on January 31, 1996. *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 91-74110 (E.D. Mich. January 31, 1996) (memorandum opinion and order). Specifically, the Court imposed a "limited receivership over any direct or *indirect* property interest held by Erwin Behr in [BIC]." *Id.* at 17 (emphasis added).

---

[1]BIC has a large manufacturing plant in Grand Rapids, Michigan. BIC and its assets appear to have been the major domestic assets owned by Erwin Behr.

On March 29, 1996 the Court expanded the scope of the receivership order in an Addendum to the January 31, 1996 order:

> Erwin Behr GmbH & Co., KG, its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, except the receiver, are enjoined from directly or *indirectly* transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise disposing of any assets in property owned, controlled, or in possession of the defendant[.]

*M & C Corp. v. Erwin Behr GmbH & Co., KG*, 91-74110 (E.D. Mich. March 29, 1996) (Addendum to this Court's Memorandum Opinion and Order Appointing a Receiver) (emphasis added).

Erwin Behr indirectly owned BIC in 1996.  Specifically, Erwin Behr owned Erwin Behr Beteiligungs-GmbH ("Behr Beteiligungs"), which owned Erwin Behr Automotive GmbH ("Behr Automotive"), which owned BIC.  (Def. Erwin Behr's Br. in Opp'n to Pl.'s Mot. for Contempt at 7; Pl.'s Mot. for Contempt at Ex. 6 (August 30, 2005 Aff. of Receiver Gerald W. Hepp.)

On May 12, 2005 Behr Automotive Group and its subsidiary BIC were sold to Buchanan Industrial Technologies GmbH, a German private equity firm.  (Close Brothers, Press release of May 12, 2005, www.closebrothers.de/newsletter/index.php?ID=144).  Close Brothers, a Frankfurt investment bank, and Dechert LLP were both involved in the transaction.  *Id.;* (Dechert, LLP, Biography of attorney Federico G. Pappalardo, www.dechert.com/lawyers/lawyers.jsp?pg=detail&id =3812).  Erwin Behr and its subsidiaries did not give any notice of the sale to this Court, the Sixth Circuit Court of Appeals, the International Arbitrator, the Court appointed Receiver, or Plaintiff.  Defendants now claim that Behr Beteiligungs sold Behr Automotive and its subsidiaries, but have not otherwise disclosed any of the terms or conditions of the sale.

On either August 9th or August 10th, 2005 a BIC executive contacted Plante & Moran, an accounting firm that employs Gerald W. Hepp, the Court appointed Receiver in this matter. The executive sought to engage Plante & Moran's services as independent auditors. When informed that Plante &Moran would be unable to serve as auditors because Mr. Hepp's relationship with Erwin Behr and BIC created a conflict of interest, the BIC executive informed Plante & Moran that Erwin Behr had sold BIC's assets.

## ANALYSIS

Plaintiff filed the instant motion seeking a contempt order that would shed light on the details of the sale of BIC and protect Plaintiff's ability to collect on an arbitration award that is now more than a decade old. Defendant Erwin Behr argues that what it characterizes as Behr Beteiligungs' sale of Behr Automotive falls outside the scope of this Court's prior order restricting Erwin Behr from transferring its indirect ownership interest in BIC.

**Contempt**

To be held in contempt, a party must have directly violated a specific order of the court with knowledge of the order and the ability to comply with that order. *Joshi v. Prof'l Health Servs. Inc., 606 F.Supp. 302* (D.D.C. 1985).

This Court's prior order restricted Defendant Erwin Behr its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, from directly or *indirectly* transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise disposing of any assets in property owned, controlled, or in possession of the defendant  The Court appointed Receiver has stated in an affidavit that, at the time this Court's Receivership Order and Addendum were entered, Defendant Erwin Behr wholly owned Behr

Beteiligungs, that Behr Beteiligungs wholly owned Behr Automotive, and that Behr Automotive wholly owned BIC. Defendants do not dispute any of these contentions. Defendants do not dispute that Erwin Behr, Behr Beteiligungs, and Behr Automotive each effectively controlled their respective subsidiaries. Defendants do not dispute that Erwin Behr divested itself of its interest in Behr Automotive. Defendants do not allege that Erwin Behr or its subsidiaries were somehow powerless to stop this transaction or series of transactions. Defendants are in unequivocal contempt of this Court's order.

**Remedies**

Plaintiff requests several forms relief to render it capable of satisfying its judgment against Defendants. First, Plaintiff requests that Defendants divulge "every aspect" of the sale of Behr Automotive and its subsidiaries and produce all documents that describe the transaction "in any way." While Plaintiff's request is overbroad, the exceptional circumstances of this case justify an order broad enough to shed light on this transaction. Plaintiff's request should be **GRANTED IN PART AND DENIED IN PART**. Defendants shall produce, within fifteen days of the adoption of this Report and Recommendation, a sworn statement to the Court describing the sale transaction or transactions in detail and specifically identifying: (1) all parties to the transaction; (2) the cash, securities, and other rights and property interests received by Defendants, any other sellers, and any of Defendants' officers, agents, employees, subsidiaries, or representatives; and (3) the property and other interests given by Defendants to the purchasers.

Plaintiff also seeks an order to have Defendant Erwin Behr immediately disgorge all proceeds up to $10,000,000 of the sale of Behr Automotive and BIC and deposit those proceeds with the Receiver in trust for M &C. Plaintiff's request should be **GRANTED**. Defendant Erwin Behr

must deposit any and all cash and other proceeds of the sale of Behr Automotive and BIC with the Receiver within fifteen days of the adoption of this report and recommendation. In the event that Erwin Behr received more than $10,000,000 in connection with the sale, it may satisfy the order by depositing $10,000,000 with the Receiver within fifteen days of the adoption of this report and recommendation.

In the alternative, Plaintiff requests that the Court order Defendant BIC to disgorge an ownership interest in BIC or share certificates of BIC held by any entity other than Defendant Erwin Behr and its subsidiaries, reissue or transfer such ownership or stock to Defendant Erwin Behr, and order Defendant Erwin Behr, in turn, to tender the stock or ownership interests to the Receiver. Such an order would potentially burden the purchasers of BIC but not Defendant Erwin Behr, and could even result in a windfall for Defendant Erwin Behr. The Court is not convinced that such an extraordinary remedy against an entity not a party to this lawsuit is appropriate, and Plaintiff's request for an order for Defendant BIC to disgorge the ownership interest of others in it is **DENIED.**

Plaintiff seeks to have BIC account for its operations monthly and deposit with the Receiver any cash flow received after payment of monthly cash expenses unless and until the total amount deposited in trust to the Receiver is $10,000,000. Plaintiff has not adequately established that such an order would be appropriate. Even if Plaintiff is entitled to satisfy its judgment against Defendant Erwin Behr by execution against BIC, Plaintiff has not shown that normal avenues of execution against BIC are inadequate. Plaintiff's request should be **DENIED**.

Plaintiff seeks an order requiring Behr and BIC to permit the Receiver to analyze any and all documents in their respective possession, to permit the Receiver to question any person, and to pay any expenses incurred in connection with the Receiver's activity within thirty days of receiving

the Receiver's statement of expenses. Plaintiff's request is well-founded but overbroad and should be **GRANTED IN PART BUT DENIED IN PART**. Defendants should be directed: (1) to give the Receiver access to any and all documents within their respective possession or control that contain information relevant to the transaction or transactions involving sale or transfer of assets of Behr Automotive and its subsidiary BIC; (2) to allow the Receiver to question any of Defendants' employees, officers, owners, or agents concerning the transactions just described; and (3) to pay expenses incurred in connection with these activities within thirty days of receiving the Receiver's statement of expenses.

Plaintiff requests that the Court order Behr and BIC to consent to immediate payment of amounts due to Plaintiff from the amounts deposited in trust with the Receiver. While Plaintiff may ultimately be entitled to such payments from the Receiver, Plaintiff has failed to show that such an order is an appropriate remedy for Defendants' contempt. Plaintiff's request should be **DENIED**.

Finally, Plaintiff requests that Defendants Erwin Behr and BIC pay the costs Plaintiff incurred in connection with filing and arguing this motion. Plaintiff has not produced sufficient evidence for the Court to conclude the amount and reasonableness of any costs incurred. Plaintiff's request should be **DENIED** without prejudice.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not

preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: March 21, 2006                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 21, 2006                    s/ Lisa C. Bartlett
                                         Courtroom Deputy