UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M&C CORP.

        **Plaintiff,**        CIVIL ACTION NO. 91-CV-74110-FL

   vs.                              DISTRICT JUDGE PAUL V. GADOLA

**ERWIN BEHR GmbH & Co.,**        MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**

        **Defendants.**
_____/

## ORDER GRANTING DEFENDANT ERWIN BEHR GMBH & CO.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION NOTICE DIRECTED TO CLAUSE VILLWOCK

Plaintiff filed this contract action suit against Defendants on August 19, 1991. Defendant Erwin Behr GmbH & Co. filed the instant Motion for Protective Order and to Quash Deposition Notice Directed to Clause Villwock on October 31, 2005. Plaintiff has failed to respond to the instant motion. The Court has dispensed with oral argument on this discovery motion. *See generally In re Texas Bumper Exchange, Inc. v. Veliz*, 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005) (holding that Fed. R. Civ. P. 37(a) does not by its terms require that there be a hearing on a party's discovery motion, only that there be reasonable notice.").

On October 28, 2005 Plaintiff sent notice of the November 1, 2005 deposition *duces tecum* of Clause Villwock to Defendant Erwin Behr GmbH & Co. via fax and the Court's electronic filing system. Defendant does not contest that Mr. Villwock is subject to deposition, but argues that the deposition notice was defective under the local court rules and Federal Rules of Civil Procedure 5 and 30.

To be effective, a notice of deposition *duces tecum* must be properly served upon each of the parties, unless the Court orders otherwise. Fed. R. Civ. P. 5(a). Service may be made by electronic

means when a party has given written consent to electronic service, or when made through a Court's electronic transmission facilities pursuant to local rule. Fed. R. Civ. P. 5(b). Delivery by fax is not effective service. Defendant Behr argues that delivery of a deposition notice through the Court's ECF system is not effective service.

Parties are generally prohibited from filing certificates of service for discovery material by Local Rule 26.2. The deposition notice at issue does not fall within the narrow exceptions to the general rule as outlined in Local Rule 26.2(a). Defendant Behr argues that because the certificate of service should not have been filed with the Court, the Court's delivery of the certificate of service is ineffective service.

Service via the Court's ECF system is governed by Local Rule 5.1.1(d), which provides that "[t]ransmission of the Notice of Electronic Filing constitutes service of the paper on each party in the case registered as a filing user." Service is made under Local Rule 5.1.1(d) whenever a Notice of Electronic Filing is transmitted. The Rule does not contain an exception for documents that ought not to have been filed electronically under Local Rule 26.2, and the Court is not disposed to create one. Notwithstanding Plaintiff's error in filing the notice of deposition electronically, and the Court's error in transmitting the notice of deposition in violation of the local rules, the Notice of Electronic Filing was transmitted to Defendant Behr, and Defendant Behr was therefore effectively served.

Defendant Behr further argues that Plaintiff gave inadequate notice of the taking of Mr. Villwock's deposition under Federal Rule of Civil Procedure 30(b), which requires that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing . . . ." Plaintiff's notice of deposition was served only one business day before Mr.

Villwock's deposition was scheduled to take place, and is clearly inadequate given that Mr. Villwock is not a United States resident.

Defendant Behr's Motion to Quash is **GRANTED**. Mr. Villwock is released of any obligation to comply with the October 28, 2005 notice of deposition *duces tecum*, although he may be subject to subsequent deposition in connection with this case.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: May 04, 2006                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 04, 2006                     s/ Lisa C. Bartlett
                                        Courtroom Deputy