# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**M&C CORP.**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 91-CV-74110** |
| **vs.** | **DISTRICT JUDGE PAUL V. GADOLA** |
| **ERWIN BEHR GmbH & Co.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **et al.,** | |
| **Defendants.** | |

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMOVE COUNSEL FOR DEFENDANT, TO STRIKE OBJECTIONS BY DEFENDANT, AND TO COMPEL DISCOVERY

Plaintiff filed this contract suit against Defendants on August 19, 1991. Plaintiff filed the instant motion on May 31, 2006. The motion was referred to the undersigned for hearing and determination on the same day. The parties have fully briefed the motion, and appeared for oral argument on July 6, 2006.

Plaintiff attempted to notice a 30(b)(6) deposition of an Erwin Behr representative for April, 2006. Defendant Erwin Behr's attorney sent Plaintiff's counsel a letter in May 2006, stating in part that:

> Compliance with the Deposition Notice is impossible because no representative of the entity is available to be deposed. As we have advised you, Erwin Behr, now Alpha 200 GmbH & Co., KG is an insolvent estate under German law. We have informed that entity [sic] has ceased to conduct business and is in liquidation. As such the only representative empowered to act on its behalf is the administrator of the estate. The administrator is a foreign judicial officer who has been appointed by the German court solely for the purpose of administering the insolvent estate, analogous to a trustee in bankruptcy under U.S. law. The administrator has neither any personal knowledge of the subjects identified in the Deposition Notice, nor any funds with which to travel to the United States to

appear for a deposition.  Further, the administrator is not a client of
this firm and we have no control over him.

As a result, Plaintiff's counsel has moved the Court to compel Erwin Behr to produce a corporate representative for deposition.  Plaintiff also wishes to remove Defendant Erwin Behr's attorneys (Miller Canfield).  Miller Canfield is allegedly not being paid by Erwin Behr.  Judge Gadola previously denied a motion to withdraw filed by Miller Canfield, reasoning that Miller Canfield had not stated sufficient reasons to withdraw and that, given the history of this case, there were substantial reasons to avoid the delay involved in allowing Erwin Behr to find substitute counsel.

On May 24, 2006 Erwin Behr filed a bankruptcy petition in the Eastern District of Michigan. There is a hearing scheduled for July 10 in front of Judge Rhodes on Erwin Behr's Petition for Recognition of a Foreign Bankruptcy Proceeding.  While counsel for Erwin Behr in this case claims he is no longer being paid and that Erwin Behr no longer functionally retains counsel for this case, Behr is clearly and actively being represented in the proceeding in front of Judge Rhodes.  Erwin Behr therefore continues to exist in some legal capacity, and this Court has continuing jurisdiction over it.  Defendant's attorneys argue that the instant proceeding should be stayed now because Judge Rhodes will grant the Petition for Recognition of a Foreign Bankruptcy proceeding and the an automatic stay will then apply to this case under the Bankruptcy Code.  *See* 11 U.S.C. § 362. Defendant has no authority for the proposition that the case should be stayed now in light of the fact that the automatic stay provisions of the Bankruptcy Code might apply later.  Indeed, the fact that the instant proceeding is admittedly outside of the scope of 11 U.S.C. § 362 is a reason *not* to stay the case now.

2

As it stands, Erwin Behr continues to exist as a legal entity, continues to be a party to this suit, and continues to be subject to the jurisdiction of this Court.  While Erwin Behr has gone to some lengths to imply to Plaintiff that it does not legally exist, or that this Court's jurisdiction has evaporated, it is not willing to make that argument here, and for good reason.

Rule 30(b)(6) of the Federal Rules of Civil Procedure entitles Plaintiff perform a creditor's exam of a corporate designee of Erwin Behr.  Plaintiff's Motion is therefore **GRANTED IN PART**. Erwin Behr will identify a witness who can adequately testify at the 30(b)(6) deposition by July 24, 2006.  The parties will arrange for the deposition to take place on or before August 21, 2006.  The deposition will be conducted either in this Courthouse, or, if the parties mutually agree, at another location in the Detroit metropolitan area.

The rest of Plaintiff's Motion, however, is **DENIED**.  Plaintiff's request to remove Defendant's attorneys is outside the scope of the discovery sanctions enumerated in the Federal Rules.  In certain circumstances, the Federal Rules allow the Court to enter such orders "as justice requires," but Plaintiff's request is highly unusual and is unlikely to substantially aid the administration of justice.  Indeed, Judge Gadola previously ordered Miller Canfield to stay in this case, despite their complaint that they are not being paid, in order to move this interminable proceeding along.  In addition, justice will not be advanced if the Court strikes Defendant's objections to the prior Reports and Recommendations of the undersigned.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 07, 2006                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 07, 2006                    s/ Lisa C. Bartlett
                                        Courtroom Deputy

4