UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**M&C CORP.**

        **Plaintiff,**                        CIVIL ACTION NO. 91-CV-74110-FL

    vs.                                  DISTRICT JUDGE PAUL V. GADOLA

**ERWIN BEHR GmbH & Co.,**        MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**

        **Defendants.**
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff filed this contract action suit against Defendants on August 19, 1991. Defendant filed the instant Motion for Protective Order on May 16, 2006. The motion was referred to the undersigned on the same day. Both parties have fully briefed the motion, and the Court is dispensing with oral argument pursuant to Local Rule 7.1.

### HISTORY

> [Defendant Erwin Behr Gmbh & Co.], a German limited liability entity, entered into a contract on March 18, 1985, with M & C Corporation, a Michigan corporation doing business as the Connelly Company. Pursuant to the agreement, Connelly was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury automobiles. . . .
> In 1991, Behr announced, in accordance with the provisions of the contract, that the agreement would be terminated. When Behr failed to forward to Connelly the commissions earned by the Michigan company for some of the sales and client development work performed, however, Connelly filed suit in federal district court seeking damages for breach of contract, improper termination of contract, and tortious interference with contractual relations.

*M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 846 (6th Cir. 1996) ("*Behr I*").

The District Court entered a stay of Plaintiff's complaint pending arbitration on November 21, 1991. On March 1, 1994, the designated arbitrator issued an award sentence ("the 1994 arbitration

award") containing eleven individual arbitration awards. *M & C Corp. v. Erwin Behr GmbH & Co. KG,* Case No. 7453/FMS March 1, 1994 (International Court of Arbitration) (attached to Def. Erwin Behr GmbH &Co. KG's Brief in Opp. to Pl.'s Mot. at Ex. 2).

The decision of this Court to confirm the arbitration award was upheld by the Sixth Circuit in 1996. *Behr I*, 87, F.3d 844. Plaintiff's attempts to collect the amounts due under the arbitration award were met with substantial resistance. Accordingly, Plaintiff sought to have a receivership imposed in order to help enforce the arbitration award. Plaintiff alleged that Defendant Erwin Behr GmbH & Co. ("Behr") owned and controlled Defendant Behr Industries Corp., ("BIC"), a Michigan manufacturer, through "an elaborate maze of corporate shells," and sought a limited receivership over the interest Erwin Behr held in BIC.[1] While Plaintiff was unable to discover the exact nature of Erwin Behr's interest in BIC, Plaintiff's Motion was nonetheless successful, and this Court imposed a limited receivership on January 31, 1996. *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 91-74110 (E.D. Mich. January 31, 1996) (memorandum opinion and order). Specifically, the Court imposed a "limited receivership over any direct or *indirect* property interest held by Erwin Behr in [BIC]." *Id.* at 17 (emphasis added).

On March 29, 1996 the Court expanded the scope of the receivership order in an Addendum to the January 31, 1996 order:

> Erwin Behr GmbH & Co., KG, its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, except the receiver, are enjoined from directly or *indirectly* transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise disposing of any assets in property owned, controlled, or in possession of the defendant[.]

---

[1] BIC has a large manufacturing plant in Grand Rapids, Michigan. BIC and its assets appear to have been the major domestic assets owned by Erwin Behr.

*M & C Corp. v. Erwin Behr GmbH & Co., KG*, 91-74110 (E.D. Mich. March 29, 1996) (Addendum to this Court's Memorandum Opinion and Order Appointing a Receiver) (emphasis added).

In April, 2006 Plaintiff served BIC with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendant BIC filed the instant motion for a protective order in response. BIC argues that a protective order is appropriate because Plaintiff's discovery is duplicative of other discovery taken in this case, and because BIC's financial situation is irrelevant as a matter of law. While Plaintiff has attempted, for years, to locate the assets of the Erwin Behr family of companies, the requested discovery is not duplicative because the evidence produced thus far in this case has been incomplete.

BIC argues that its assets are immune from collection in this action because it is a separate corporate entity and Plaintiff has not articulated a reason for piercing the corporate veil and allowing Plaintiff to proceed against BIC's assets. This Court has decided that BIC and its assets were not wholly immune from execution and articulated the reasons for that decision in 1996 when it placed BIC under partial receivership for the benefit of M & C. The Court has refused to lift the receivership order against BIC on at least one prior occasion. The assets that M & C might collect via the receivership are relevant subjects of post-judgment discovery.

Defendant's Motion for a Protective Order is therefore be **DENIED**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 07, 2006                             s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 07, 2006                             s/ Lisa C. Bartlett
                                                 Courtroom Deputy