UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**M&C CORP.**

      **Plaintiff,**                      **CIVIL ACTION NO. 91-CV-74110**

    vs.                              **DISTRICT JUDGE PAUL V. GADOLA**

**ERWIN BEHR GmbH & Co.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO REMOVE COUNSEL FOR DEFENDANT, TO STRIKE OBJECTIONS BY DEFENDANT, AND TO COMPEL DISCOVERY

Plaintiff filed this contract suit against Defendants on August 19, 1991. Plaintiff filed the a Motion to Remove Counsel for Defendant, Strike Objections, and Compel Discovery on May 31, 2006. The Court granted a portion of Plaintiff's Motion on July 7, 2006, and ordered Defendant to designate a representative for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). The Court's order specified that the deposition would take place in this Courthouse unless the parties mutually agreed to another location and time in the Detroit Metropolitan area. Defendant has identified a representative willing to testify by telephone from Germany, but has not complied with this Court's July 7, 2006 Order.

On July 25, 2006 Plaintiff filed a Motion to Enforce Discovery Order of July 7, 2006. That Motion is now before the Court. Plaintiff seeks a Court Order declaring that Defendant's failure to offer a representative for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) is a violation of this Court's prior order, and fashioning an appropriate sanction under Federal Rule of Civil Procedure 37.

Defendant originally objected to Plaintiff's Motion to Compel on the ground that this case would soon be subject to an automatic stay issuing from the United States Bankruptcy Court for the Eastern District of Michigan pursuant to an application for recognition of a foreign bankruptcy proceeding. In the July 7, 2006 this Court found that, until such a stay was entered, Defendant remained subject to this Court's jurisdiction and the Federal Rules of Civil Procedure. In its objection to this Court's July 7, 2006 Order, Defendant admits that its application for recognition of a foreign bankruptcy proceeding has been denied by order of the Bankruptcy Court. Defendant's objection also states that it has filed a Motion for Reconsideration of the Bankruptcy Court's order. The Court pauses to note that the Michigan Rules of Professional Conduct and the Federal Rules of Civil Procedure may compel defense counsel to promptly inform the Court of any change in the status of the Motion for Reconsideration before the Bankruptcy Court.

Federal Rule of Civil Procedure 37 allows this Court to enter such orders "as are just" in order to redress a party's failure to comply with a discovery order. The sanctions contemplated by Rule 37 include orders striking pleadings, striking testimony, burdening a party's proofs, or even granting judgment against the disobedient party. Courts dealing with disobedient parties may also take less severe actions, such as appointing a special master to oversee discovery and ordering the disobedient party to file a bond to underwrite the special master's fees. *Park-Tower Delopment Group, Inc. v. Goldfield*, 87 F.R.D. 96 (S.D.N.Y. 1980).

If provided with good cause, the Court may order discovery of any matter relevant to the subject matter involved in an action. Fed. R. Civ. P. 26(b)(1). The fact is that Plaintiff obtained a money judgment against Defendant. Defendant has since frustrated the attempts of Plaintiff and this Court to ascertain the nature and location of Defendant's assets.

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, the Court **ORDERS** Defendant to designate a witness to appear in this Courthouse for a Rule 30(b)(6) deposition. The deposition will take place on or before September 14, 2006.

The Court also **ORDERS** Defendants to disclose the following information to Plaintiff on or before September 11, 2006:

   a. The identity of all legal and real persons who have had any ownership, control, or other legal interest in Defendant from 2000 to the present, and provide the locations of each person so identified.
   b. Identify every asset within the territorial jurisdiction of the United States held by Defendant, or in which Defendant had a direct, indirect, or trust interest, from 2000 to the present, including but not limited to all corporate subsidiaries, all subsidiaries of corporate subsidiaries, holding companies, trusts, all monies, all bank accounts, and all securities and stocks listed on an exchange located within the territorial jurisdiction of the United States.
   c. For each asset identified in subpart b worth more than five thousand dollars and no longer owned or controlled by Defendant, the transaction by which that asset left Defendant's ownership or control, and the identity of each and every party to that transaction.
   d. The identity of each and every real or legal person associated with the sale of Behr Industries Corporation, including but not limited to the bankers, brokers, lawyers, accountants, sellers, acquirers, and every person receiving money, stock, or any other legal interest in connection with the transaction.
   e. The specific location and address of each person identified in subpart d.
   f. The identity of any real or legal person who has paid legal fees on Defendant's behalf from 2000 to the present.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 28, 2006              s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that copy of this Order was served upon Counsel of Record on this date.

Dated: August 28, 2006	s/ Lisa C. Bartlett
	Courtroom Deputy