UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M&C CORPORATION,

                                  Plaintiff,

                                              CIVIL CASE NO. 91-74110

v.

ERWIN BEHR GmbH & COMPANY, KG, et          HONORABLE PAUL V. GADOLA
al.,                                       U.S. DISTRICT COURT

                                  Defendant.
_____/

### ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR ASSESSMENT OF LITIGATION EXPENSES

Before the Court are Plaintiff M&C Corporation's ("M&C") motion for assessment of litigation expenses and statutory damages, filed on September 9, 2005, and Magistrate Judge Mona K. Majzoub's Report and Recommendation, filed on March 13, 2006. Defendant Erwin Behr GmbH & Company, KG ("Behr") and Intervenor Behr Industries Corp. ("BIC") each filed a set of objections to the Report and Recommendation. For the reasons stated below, the Court overrules both sets of objections, adopts the Magistrate Judge's Report and Recommendation with modifications, and grants Plaintiff's motion.

I.      **Background**

A short background of the case was set forth by the Sixth Circuit Court of Appeals in an earlier opinion in this protracted litigation:

> M&C Corporation, a Michigan Corporation doing business as the Connelly Company, entered into a contract on March 18, 1985, with Behr, a German limited liability corporation. According to the terms of the parties' agreement, M&C was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury

automobiles. The contract specified that the "agreement shall be interpreted with and governed by the laws of the State of Michigan," and that "all disputes arising in connection with the present contract shall be finally settled under the Rules of the Court of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules."

In 1991, Behr, in accordance with the provisions of the contract, terminated the parties' agreement. However, when, pursuant to contract, Behr failed to forward to M&C the commissions earned for some of the sales and client development work it had performed, M&C brought suit in the federal district court. Pursuant to the parties' agreement, the district court stayed any judicial proceedings and ordered the parties to submit the dispute to arbitration.

*M&C Corp. v. Erwin Behr GmbH & Co.*, 143 F.3d 1033, 1035 (6th Cir. 1998) ("*Behr II*"). On March 1, 1994, the arbitrator issued an award sentence in M&C's favor consisting of eleven individual awards. M&C sought confirmation of the arbitration awards in federal district court. On August 16, 1994 and on March 20, 1995, this Court confirmed and entered judgment on all eleven awards, rendering them enforceable. On appeal, the Sixth Circuit affirmed this Court's confirmation of the 1994 arbitration sentence. *See M&C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 (6th Cir. 1996) ("*Behr I*"). Following the *Behr I* decision, several disputes arose over the interpretation of the arbitration awards, and the case returned to the Sixth Circuit Court of Appeals several more times. The last action taken by the Sixth Circuit was a July 27, 2005 decision directing this Court to proceed with the enforcement of the eighth arbitration award. Also, in the past, certain questions concerning the interpretation of the arbitration awards have been remanded back to the arbitrator for further explanation. Of particular relevance to Plaintiff M&C's motion now before the Court is an action taken by the arbitrator on June 18, 2005 clarifying a portion of the arbitration award.

M&C's motion requests that the Court assess certain litigation expenses and statutory damages against Defendant Behr related to the seventh and eighth arbitration awards. The motion

2

was referred to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge found that M&C is entitled to the statutory damages related to the seventh arbitration award totaling $3,441,935.  The Magistrate Judge also found that M&C is entitled to recover reasonable attorney fees incurred in connection with litigating the enforcement of the eighth award and in connection with litigating its claim for statutory damages associated with the seventh award mentioned above. The Magistrate Judge, however, found that M&C had not submitted a sufficiently detailed account of its attorney expenses and receiver fees.  Consequently, the Magistrate Judge was unable to recommend that M&C's motion for assessment of litigation expenses be granted.  On April 20, 2006, M&C subsequently filed a document entitled "Application to Tax Litigation Expenses," which sets forth M&C's attorney expenses and receiver fees in detail.

Behr and BIC each filed their own sets of objections to both the Magistrate Judge's Report and Recommendation and to M&C's "Application to Tax Litigation Expenses."

## II.    Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections.  If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard.  *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).  If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*.  *Lardie*, 221 F. Supp. 2d at 807.  The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the

3

recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  Here, because objections have been filed, this Court reviews *de novo* those portions to which an objection has been made.  *See Lardie*, 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation.  *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court may supplement the record by entertaining additional evidence, but is not required to do so.  12 Wright, Federal Practice § 3070.2.  After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge.  *See Lardie*, 221 F. Supp. 2d at 807.  If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice § 3070.2.  Because objections to the Magistrate Judge's Report and Recommendation have been filed, this Court will review the record *de novo*.

III.    **Analysis**

A.    **Behr's objections**

1.    Whether the Court is able to rule on the issue of statutory penalties

Behr first objects to the Magistrate Judge's finding that M&C is entitled to statutory penalties under Michigan law.  Behr argues that the arbitrator declined to rule on Plaintiff's request for statutory penalties and litigation expenses in his June 18, 2005 clarification.  Consequently, Behr argues that the Magistrate Judge (and, presumably, this Court) cannot rule on the issue of statutory

4

penalties as the district court can only concern itself with the procedural aspects of the arbitration decision and cannot substitute its judgment in place of the arbitrator's. In short, if the arbitrator did not make a ruling on statutory penalties, Behr argues, this Court is unable to make a ruling.

This objection is meritless. The arbitrator only declined to address these issues in his June 18, 2005 clarification because the arbitrator believed that they were not within the limited purpose of the review of the 1994 arbitration award. More importantly, though the arbitrator declined to rule on M&C's request for statutory penalties and litigation expenses in his June 18, 2005 clarification, the arbitrator did make a ruling on Plaintiff's entitlement to these additional expenses in his original March 1, 1994 arbitration award. In the original arbitration award, the arbitrator found that M&C was entitled to statutory penalties. On appeal, the Sixth Circuit affirmed this Court's confirmation of the 1994 arbitration award. Therefore, the Magistrate Judge was correct in finding that M&C is entitled to statutory penalties.

2.      Whether the award of statutory penalties is contrary to Michigan law

Behr's second objection is that the award of statutory penalties as calculated by the Magistrate Judge is contrary to Michigan law. The Magistrate Judge found that M&C is entitled to an amount of statutory penalties of approximately $3,441,935. Behr argues that Michigan law requires that the statutory penalties be capped at $100,000.

The disputed provision that grants statutory penalties is M.C.L. § 600.2961(b) of the Michigan Sales Commission Representatives Act, ("MSCRA"), which reads: "If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less." M.C.L. § 600.2961(b). Behr argues that, pursuant to the statute, M&C is only entitled to

5

$100,000, not the more than $3.4 million as recommended by the Magistrate Judge. In support of

its argument, Behr cites *Linsell v. Applied Handling, Inc.*, 697 N.W.2d 913, 924 (Mich. Ct. Ap.

2005) for the proposition that MSCRA damages are limited to a single award of $100,000.

The Court finds that the Magistrate Judge correctly determined M&C's statutory penalties.

In the 1994 arbitration decision, the arbitrator found that Behr intentionally failed to pay

commissions when due, and that M&C was thus entitled to MSCRA damages in addition to the

value of its actual damages. The arbitrator carefully considered how the $100,000 statutory cap

applied to the circumstances of the case, finally ruling that the MSCRA damages should be

computed with "reference to due and unpaid commissions for each period stipulated in the contract"

and that consequently, the $100,000 statutory cap was not the total cap on all statutory damages but

was to be applied to each contract period. *See* Arbitration Award Sentencing Hearing Transcript

(March 1, 1994). On appeal, the Sixth Circuit affirmed this Court's confirmation of the 1994

arbitration award. Consequently, this Court finds that the arbitrator's interpretation of law

concerning MSCRA damages remains controlling. The Court also finds the *Linsell* case to be

distinguishable from the current circumstances. In the *Linsell* case, though there were multiple

commissions owed to the plaintiff, the court considered the several commissions as falling under one

intentional violation with only one $100,000 cap for the single intentional violation. In the instant

case, an intentional violation could be found "for each period stipulated in the contract" and thus,

the $100,000 cap could be applied to each violation. Therefore, this Court concludes that the

Magistrate Judge was correct in finding that M&C was entitled to $3,441,935 in statutory damages.


3.      Whether the Court has authority to enforce the arbitrator's June 18,

6

2005 action

Behr's third objection is that this Court has no authority to enforce the arbitrator's June 18, 2005 action. Behr argues that the June 18, 2005 decision by the arbitrator was not a clarification of the earlier 1994 arbitration award, but that it is a separate award that must be confirmed by a district court before it can be enforced. This objection is also meritless. In his June 18, 2005 clarification, the arbitrator stated: "I decided that my sole task was to reply to the questions raised by the District Court as narrowly and precisely as possible. That would not involve the exercise of jurisdiction in the sense of making a decision binding upon the parties." *See* Letter from Arbitrator (June 18, 2005). The action taken by the arbitrator on June 18, 2005 was not intended to be a subsequent arbitration award or decision. Instead, it was an explanation or clarification of the original 1994 arbitration award. The 1994 arbitration award has already been confirmed by this Court. Therefore, no additional confirmation proceedings are required for the enforcement of the arbitration awards.

4.      Whether M&C is a prevailing party

Behr's fourth objection is that M&C is not entitled to reasonable attorney fees because M&C is not a "prevailing party" under M.C.L. § 600.2961. This objection is also without merit. The Court, in its order above, finds that M&C prevails with respect to its claim that the eighth award should be enforced and with respect to its claim for statutory damages. Thus, M&C is a prevailing party, and as such, is entitled to reasonable attorney fees pursuant to M.C.L. § 600.2961.

Accordingly, after conducting a *de novo* review, this Court overrules Behr's objections to the Magistrate Judge's Report and Recommendation.

**B.      BIC's objections**

BIC filed its own set of objections to the Report and Recommendation. Plaintiff's motion,

7

however, does not request anything of BIC.  BIC is not a party with interest in the outcome of the motion.  In addition, BIC's objections are similar to those of Behr, and the Court finds that the few objections unique to BIC are not compelling.  Consequently, the Court overrules BIC's objections.

### C.    M&C's request for attorney and receiver fees

In her report, the Magistrate Judge recommended that M&C's request for assessment of expenses be denied without prejudice because M&C had failed to set out a sufficiently detailed account of the evidence supporting M&C's claim for $1,135,000 in attorney fees and $380,000 in receiver fees.  On April 20, 2006, following the filing of the Report and Recommendation, M&C submitted a document entitled "Application to Tax Litigation Expenses," docketed at entry 540.  This filing is more properly filed as a supplement to M&C's motion for litigation expenses rather than a separate "application," because in the document, M&C sets out in detail the evidence supporting the calculation of attorney fees and receiver fees.  Behr filed objections to the application.    The Court finds that Plaintiff M&C is entitled to reasonable attorney fees and to fees incurred by the Court-appointed receiver.  The amount of these fees to which M&C is entitled remains to be determined, and the Court concludes that the Magistrate Judge is best able to assess the sufficiency of M&C's evidence supporting the amount claimed for these attorney fees and receiver fees.  Thus, this Court will refer M&C's request for attorney and receiver fees to the Magistrate Judge for the limited purpose of determining the amount due to M&C, as supported by M&C's "Application to Tax Litigation Expenses," docket entry 540.

### IV.    Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Behr's objections [docket entry 534] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Intervernor BIC's objections [docket entry 536] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 532] is **ACCEPTED** and **ADOPTED** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Assessment of Litigation Expenses and Statutory Damages [docket entry 470] is **GRANTED**, and that the issue of the amount of attorney and receiver fees due to Plaintiff, as supplemented by Plaintiff's Application to Tax Litigation Expenses [docket entry 540], is referred to the Magistrate Judge for a recommendation.

**SO ORDERED.**

Dated:    September 14, 2006                    s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 14, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Irwin M. Alterman; Elisa M. Angeli; Richard D. Bisio; Anthony J. Long; John C. Louisell; Larry J. Saylor                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845