UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M&C CORPORATION,

                Plaintiff,

                                    CIVIL CASE NO. 91-74110

v.

ERWIN BEHR GmbH & COMPANY, KG, et al.,       HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT COURT

                Defendant.
_____/

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR CONTEMPT OF COURT

Before the Court are Plaintiff M&C Corporation's ("M&C") motion for contempt of court, filed on September 9, 2005, and Magistrate Judge Mona K. Majzoub's Report and Recommendation, filed on March 21, 2006. Defendant Erwin Behr GmbH & Company, KG ("Behr") and Intervenor Behr Industries Corp. ("BIC") each filed a set of objections to the Report and Recommendation. For the reasons stated below, the Court overrules both sets of objections, adopts the Magistrate Judge's Report and Recommendation, and grants in part and denies in part Plaintiff's motion.

Also before the Court are Defendant Behr's motion to strike Plaintiff's late response to objections, filed on May 15, 2006, and Plaintiff M&C's motion to submit response out of time, filed on May 24, 2006. The Court will deny Behr's motion to strike and grant M&C's motion to submit response.

**I.    Background**

A short background of the case was set forth by the Sixth Circuit Court of Appeals in an earlier opinion in this protracted litigation:

> M&C Corporation, a Michigan Corporation doing business as the Connelly Company, entered into a contract on March 18, 1985, with Behr, a German limited liability corporation. According to the terms of the parties' agreement, M&C was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury automobiles. The contract specified that the "agreement shall be interpreted with and governed by the laws of the State of Michigan," and that "all disputes arising in connection with the present contract shall be finally settled under the Rules of the Court of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules."
>
> In 1991, Behr, in accordance with the provisions of the contract, terminated the parties' agreement. However, when, pursuant to contract, Behr failed to forward to M&C the commissions earned for some of the sales and client development work it had performed, M&C brought suit in the federal district court. Pursuant to the parties' agreement, the district court stayed any judicial proceedings and ordered the parties to submit the dispute to arbitration.

*M&C Corp. v. Erwin Behr GmbH & Co.*, 143 F.3d 1033, 1035 (6th Cir. 1998) ("*Behr II*"). On March 1, 1994, the arbitrator issued an award sentence, consisting of eleven individual awards. M&C sought confirmation of the arbitration awards in federal district court. On August 15, 1994 and on March 20, 1995, this Court confirmed and entered judgment on all eleven awards, rendering them enforceable. On appeal, the Sixth Circuit affirmed this Court's confirmation of the 1994 arbitration sentence. *M&C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 (6th Cir. 1996) ("*Behr I*").

Since the confirmation of the arbitration award, M&C has had extreme difficulty in collecting the amount due under the arbitration award. In particular, M&C alleges Behr holds assets through a chain of affiliates, including BIC, and is concealing assets "through an elaborate maze of corporate shells." *See* Memorandum Opinion and Order, Docket Entry 164. Consequently, on January 31, 1996, this Court granted M&C's motion for appointment of a receiver, and imposed a limited receivership over Behr's property, including the interest Behr held in BIC. *See id.*

2

("Accordingly, this court will impose a limited receivership over any direct or *indirect* property interest held by Erwin Behr in [BIC].") (emphasis added).

In a March 29, 1996 addendum to the January 31, 1996 order, this Court expanded the scope of the receivership order:

> Erwin Behr GmbH & Co., KG, its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, except the receiver, are enjoined from directly or *indirectly* transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise disposing of any assets in property owned, controlled, or in possession of the defendant.

*See* Addendum to the Court's Memorandum Opinion and Order, Docket Entry 184 (emphasis added).

At the time of the receivership order and addendum in 1996, Defendant Erwin Behr GmbH & Co., KG ("Behr") owned Erwin Behr Beteiligungs-GmbH ("Behr Beteiligungs"), which owned Erwin Behr Automotive GmbH ("Behr Automotive"), which in turn owned BIC. In 2005, in opposition to the receivership order and addendum, Behr Automotive and BIC were sold; Defendant Behr did not give notice of the sales to this Court, the Sixth Circuit, the arbitrator, the Receiver, nor Plaintiff M&C.

Plaintiff M&C filed a motion for contempt of court, which was referred to Magistrate Judge Mazjoub for a Report and Recommendation. The Magistrate Judge found that Behr was in contempt by violating the Court's order prohibiting Behr from "directly or indirectly transferring . . . assets and property owned, controlled or in possession of the defendant." The Magistrate Judge recommended a disclosure of all information about the sale; a deposit of sale proceeds up to $10,000,000 with the Receiver, in trust for M&C; and an investigation by Receiver into the details of the sale. Behr and BIC each filed a set of objections to the Report and Recommendation.

3

## II.     Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review

of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because objections to the Magistrate Judge's Report and Recommendation have been filed, this Court will review the record *de novo*.

### III. Analysis

A. Behr's objections

Behr's objections rest on the argument that the Magistrate Judge never concluded that BIC constituted an asset or property owned or controlled by Behr. As a result, Behr cannot be found in contempt of the Court's order, Behr argues, because the direct or indirect transfer of BIC was not a transfer of Behr's asset or property.

Behr's objections are meritless. M&C has a valid and binding arbitration award against Behr. Behr has not fully cooperated with M&C's attempts to enforce the arbitration award. There is no dispute that in 1996, BIC was owned by Behr Automotive, which in turn was owned by Behr Beteiligungs, which in turn was owned by Behr. In this Court's January 31, 1996 receivership order, the Court noted that Behr may be holding and concealing assets through a chain of affiliates, including BIC. As a foreign corporation, many of Behr's assets are located outside of the United States. BIC is a corporation located in Grand Rapids, Michigan. Consequently, Behr's direct and indirect interest in BIC was named specifically in the receivership order as being protected. *See* Memorandum Opinion and Order, Docket Entry 164. In the March 29, 2006 addendum to the receivership order, this Court then prohibited Behr from directly or indirectly transferring any property interest. When BIC was sold, Behr's indirect interest in BIC was sold in opposition to this Court's March 29, 2006 prohibition to transfer any property interest. Behr's contention that there is no court order prohibiting Behr from transferring assets that are "indirectly owned" is completely

5

untenable. Accordingly, after a *de novo* review of the record, the Court finds that the reasoning of the Magistrate Judge is sound and that Behr is in contempt of the 1996 receivership order and its addendum.

    B.    BIC's objections

BIC objects to the Magistrate Judge's finding that BIC is in contempt. In support, BIC argues that it is a separate entity from Behr, that it should not be grouped with Behr, and that it did not do anything to support a finding of contempt. BIC also objects to the Magistrate Judge's recommendation that the Receiver be assigned a task of conducting discovery and that BIC contribute to the Receiver's expenses.

It is clear that BIC was owned by Behr, through a chain of two other corporations. It is also clear that BIC was sold, and with it, any indirect interest of Behr. This is sufficient for the Court to find that BIC is an entity that participated with Behr in directly or indirectly transferring protected property, in opposition to the receivership order and its addendum. Furthermore, because of the secretive nature of the sale of Behr Automotive and BIC and because of Behr's possible concealing of assets through its affiliates, it is proper for Behr and BIC to produce information concerning the nature of the BIC sale and for the Receiver to inquire into the circumstances surrounding this transfer of protected property. Accordingly, the Court will overrule BIC's objections. The Court also finds that the specific remedies recommended by the Magistrate Judge are appropriate. Therefore, the Court will accept and adopt the Report and Recommendation.

    **IV.**    **Behr's motion to strike response and M&C's motion to submit response**

When M&C filed a late response to Defendants' objections, Behr filed a motion to strike the response or in the alternative, to file a reply, which was docketed on May 15, 2006. Subsequently,

on May 24, 2006, M&C filed a motion to submit a response requesting that this Court accept its late response to the objections. Having considered the submissions and being fully advised in the premises, this Court will deny Behr's motion to strike and grant M&C's motion to submit response.

**IV.     Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Behr's motion to strike Plaintiff's late response [docket entry 549] is **DENIED**, and Plaintiff M&C's motion to submit response out of time [docket entry 553] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Behr's objections [docket entry 539] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Intervernor BIC's objections [docket entry 538] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 533] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff M&C's motion for contempt of court [docket entry 472] is **GRANTED IN PART and DENIED IN PART**.

Defendant Behr and Intervenor BIC shall produce, within fifteen days of this Order if it has not been done already, a sworn statement to the Court describing the transaction or transactions of the sale of BIC in detail and specifically identifying: (1) all parties to the transaction; (2) the cash, securities, and other rights and property interests received by Behr and BIC, any other sellers, and any of Behr's or BIC's officers, agents, employees, subsidiaries, or representatives; and (3) the property and other interests given by Behr or BIC to the purchasers.

Plaintiff M&C also seeks an order to have Defendant Behr immediately disgorge all proceeds

7

up to $10,000,000 of the sale of Behr Automotive and BIC and deposit those proceeds with the Receiver in trust for M&C.  Plaintiff's request is **GRANTED**.  Defendant Behr must deposit any and all cash and other proceeds of the sale of Behr Automotive and BIC with the Receiver within fifteen days of this Order if it has not been done already.  In the event that Behr received more than $10,000,000 in connection with the sale, it may satisfy the Order by depositing $10,000,000 with the Receiver within fifteen days of the adoption of this Order if it has not been done already.

In the alternative, Plaintiff M&C requests that the Court order Defendant BIC to disgorge an ownership interest in BIC or share certificates of BIC held by any entity other than Defendant Behr and its subsidiaries, reissue or transfer such ownership or stock to Defendant Behr, and order Defendant Behr, in turn, to tender the stock or ownership interests to the Receiver.  Such an order would potentially burden the purchasers of BIC but not Defendant Behr, and could even result in a windfall for Defendant Behr.  The Court is not convinced that such an extraordinary remedy against an entity not a party to this lawsuit is appropriate, and Plaintiff's request for an order for BIC to disgorge the ownership interest of others in it is **DENIED**.

Plaintiff seeks to have BIC account for its operations monthly and deposit with the Receiver any cash flow received after payment of monthly cash expenses unless and until the total amount deposited in trust to the Receiver is $10,000,000.  Plaintiff has not adequately established that such an order would be appropriate. Even if Plaintiff is entitled to satisfy its judgment against Defendant Behr by execution against BIC, Plaintiff has not shown that normal avenues of execution against BIC are inadequate.  Plaintiff's request is **DENIED**.

Plaintiff seeks an order requiring Behr and BIC to permit the Receiver to analyze any and all documents in their respective possession, to permit the Receiver to question any person, and to

8

pay any expenses incurred in connection with the Receiver's activity, within thirty days of receiving the Receiver's statement of expenses. Plaintiff's request is well-founded but overbroad and is **GRANTED IN PART and DENIED IN PART**. Behr and BIC are directed: (1) to give the Receiver access to any and all documents within their respective possession or control that contain information relevant to the transaction or transactions involving sale or transfer of assets of Behr Automotive and its subsidiary BIC; (2) to allow the Receiver to question any of Behr's or BIC's employees, officers, owners, or agents concerning the transactions just described; and (3) to pay expenses incurred in connection with these activities within thirty days of receiving the Receiver's statement of expenses.

Plaintiff further requests that the Court order Behr and BIC to consent to immediate payment of amounts due to Plaintiff from the amounts deposited in trust with the Receiver. While Plaintiff may ultimately be entitled to such payments from the Receiver, Plaintiff has failed to show that such an order is an appropriate remedy for Behr's and BIC's contempt. Plaintiff's request is **DENIED**.

Finally, Plaintiff requests that Defendant Behr and Intervenor BIC pay the costs Plaintiff incurred in connection with filing and arguing this motion. Plaintiff has not produced sufficient evidence for the Court to conclude the amount and reasonableness of any costs incurred. Plaintiff's request is **DENIED without prejudice**. Plaintiff is permitted to refile a motion with sufficient support seeking costs.

    **SO ORDERED.**

Dated:   September 14, 2006         s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   September 14, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

   Irwin M. Alterman; Elisa M.Angeli; Richard D. Bisio; Anthony J. Long; John C. Louisell; Larry J. Saylor                                                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                      .

                s/Ruth A. Brissaud
                Ruth A. Brissaud, Case Manager
                (810) 341-7845