**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**M AND C CORPORATION,**
**a Michigan Corporation,**

**Plaintiff,** **CIVIL ACTION NO. 91-CV-74110-DT**

**vs.**

**DISTRICT JUDGE PAUL V. GADOLA**

**ERWIN BEHR GmbH and Co., KG, et al.,** **MAGISTRATE JUDGE MONA K. MAJZOUB**

**Defendants.**
_______________________________/

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** Plaintiff M and C Corporation's:

(1) Motion to Compel Surrender of Corporate Authority of Erwin Behr GMBH & Co., KG to Receiver filed on December 29, 2006 (docket no. 609) should be **DENIED**.

(2) Motion for Contempt of Court Against Erwin Behr GMBH & Co., KG for Failure to Produce Witness for Deposition and Examination by Receiver filed on December 29, 2006 (docket no. 609) should be **GRANTED** to the extent that an Order to Show Cause should issue.

(3) Motion for Contempt of Court Against Defendant Behr Industries Corporation for Failure to Produce Witness for Deposition and Examination by Receiver filed on December 29, 2006 (docket no. 609) should be **DENIED.**

(4) Motion for Order to Show Cause why Contempt of Court for Violation of Court Orders should not be Found Against Nonparties Klaus Villwock, Lorenz Geiger, Dietmar Klaube, Dr. Heiko Frank, Erwin Behr Automotive GmbH, Deutsche Bank, Jens Schmelt, Dr. Sami Sarkis, Buchanan

Industrial Technologies, mbH, Buchanan Capital Partners I, and Franz Vermoegensverwaltung filed on December 29, 2006 (docket no. 609) should be **DENIED** without prejudice.

## II. <u>REPORT</u>:

### *A. Facts and Procedural History*

This matter comes before the Court on Plaintiff's Consolidated Motion filed on December 29, 2006. (Docket no. 609). Defendant Erwin Behr GmbH & Co., KG (Erwin Behr), has filed a Response to these motions. (Docket no. 617). Movant Behr Industries Corporation (BIC) has also filed a Response. (Docket no. 616). Plaintiff has filed a Reply brief. (Docket no. 619). These matters have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 610). Plaintiff's motion for oral argument (docket no. 620) will be denied by separate order. Pursuant to local rule, the Court will decide these motions without oral argument. E.D. Mich. L.R. 7.1(e). These motions are now ready for ruling.

This case has a very long history and the pertinent facts will be set forth in the following sections which discuss separately Plaintiff's motions. Generally, Plaintiff is now seeking to collect on Judgments entered in this Court in 1994 and 1995. (Docket no. 609, exs. 2 & 3). In 1996, the district court appointed a Receiver, Gerald Hepp, to take and have exclusive control, possession and custody of all assets and property of the defendant corporation, Erwin Behr. (*Id.* exs. 4, 5). That Court ordered that Erwin Behr, "its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, except the receiver, are enjoined from directly or indirectly transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise disposing of any assets and property owned, controlled or in possession of the defendant." (*Id.* ex. 5). The Court later found Erwin Behr and BIC in contempt of court because they caused or allowed the sale of BIC in 2005 to Buchanan Industrial Technologies GmbH, a German private equity firm. (*Id.* exs. 7, 8). The

Court in a September 14, 2006 Order granted some but not all the relief Plaintiff requested because of Defendants' contempt. *Id.*

Plaintiff now brings these contempt motions alleging that Defendant Behr and Intervenor BIC and others continue to be in contempt of court by frustrating Plaintiff's attempts to collect on its Judgments against Erwin Behr. Defendants contend that Plaintiff's motion is a late motion for reconsideration of the Court's September 14, 2006 Order or an improper motion to alter or amend that Order which is now the subject of an appeal in the Sixth Circuit. (Docket nos. 616, 617).

*B. Motion to Compel Surrender of Erwin Behr's Corporate Authority and Motion for Contempt of Court Against Erwin Behr GMBH & Co., KG for Failure to Produce Witness for Deposition and Examination by Receiver*

Plaintiff first seeks an order compelling Erwin Behr to surrender all corporate authority to the Receiver, Gerald Hepp. (Docket no. 609 at 2). Specifically, Plaintiff asks for Defendant Erwin Behr and BIC and all of their assets to be placed in the full operating control of the Receiver. (*Id.* at 11). Plaintiff also seeks a finding of contempt of court against Erwin Behr for failing to appear for a deposition and for examination by the Receiver. (*Id.* at 2).

Plaintiff has not briefed these two motions, or any of its motions, separately. Most of Plaintiff's brief is devoted to recounting the history of this action and the events leading up to the Court's finding of contempt and issuance of the September 14, 2006 Order. Beginning at paragraph 12 of its brief, Plaintiff begins adding information about the events which have occurred since the issuance of that Order. Plaintiff argues that Erwin Behr failed to comply with a separate order, the district court's order which overruled Erwin Behr's objection to an order requiring Erwin Behr to produce a witness to be examined on behalf of the corporation. (Docket nos. 570, 584). Plaintiff wishes to examine a witness regarding the "precise nature" of the transactions surrounding the sale of BIC and/or Erwin Behr. This failure to produce a witness is the only action or inaction of Erwin Behr since the September 14 Order

that Plaintiff relies upon for its argument that Erwin Behr should be compelled to surrender all corporate authority to the Receiver.

Plaintiff's exhibit 17 consists of Plaintiff's Re-notice of Taking Deposition and Notice to Produce directed to Erwin Behr and BIC and the Receiver's Notice of Examination and Notice to Produce directed to certain individuals filed by the Receiver. Plaintiff's deposition notice is dated September 28, 2006, which would have been shortly after the district court's order. The proposed deposition is set for October 25, 2006 at this courthouse. The Receiver's Notice sets its examinations for the same time and place. Plaintiff claims that Erwin Behr refused to identify a corporate officer and produce him for the deposition. (Docket no. 609 at 9).

Erwin Behr in its Response does not dispute Plaintiff's allegation that it failed to identify and produce someone for the deposition. (Docket no. 617). Behr shows that it filed a notice of appeal as to the Court's order of September 14, 2006 which overruled Behr's objections to the order requiring Behr to produce a witness to be deposed. (*Id.* ex. A). Behr argues that this matter is the subject of a pending appeal and that, therefore, this Court lacks jurisdiction on this issue. (Docket no. 617). *See, e.g., Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1013 (6th Cir. 2003) ("'the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals.'"). Erwin Behr has argued the issue on pages 52-54 of its brief on appeal. (Docket no. 617, ex. B).

Plaintiff in its Reply brief contends that its motions are not properly considered to be motions to reconsider, but instead are motions for new findings of contempt. (*Id.* at 2). Plaintiff's motion to hold Erwin Behr in contempt of court for failing to produce a witness is a new motion not considered by the Court earlier. It is not therefore properly considered as a motion to reconsider the order now on appeal. Defendant Erwin Behr has filed a notice of appeal of the district court's order which upheld the order requiring Erwin Behr to produce a witness. Specifically, this Court ordered Behr to "identify

a witness who can adequately testify at the 30(b)(6) deposition" by a certain date.[1] (Docket no. 570 at 3). Although a district court "may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987); *see Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co.,* 340 F.3d 373, 376 n.3 & 382 (6th Cir. 2003) (citing *Cincinnati Bronze* for the proposition that district court's order remained in effect during pending appeal because defendant neither filed supersedeas bond nor stayed judgment pending appeal, and district court retained jurisdiction to enforce order). Defendant Behr does not argue that it filed a supersedeas bond or obtained a stay of the court's order pending appeal. Defendant Behr's argument that this Court lacks jurisdiction to proceed with contempt proceedings while its appeal is pending should be rejected.

A party may be held in contempt "if his adversary shows by clear and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Cincinnati Bronze*, 829 F.2d at 591 (quoting *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). Plaintiff has made a preliminary showing that Defendant Erwin Behr violated this Court's order for it to identify a person to be deposed by Plaintiff. Plaintiff in this motion asks for a finding of contempt by Defendant. However, before making such a finding the Court should give Defendant the opportunity to be heard. *See Cincinnati Bronze*, 829 F.2d at 589. Therefore, this Court recommends that Plaintiff's motion to hold Defendant Erwin Behr in contempt of court be granted to the extent that Defendant Erwin Behr should be ordered to show cause why it should not be held in contempt for failing to identify a witness as directed.

---

[1] Because Defendant's failure is to comply with this court order rather than simply to comply with a deposition notice, any argument that Plaintiff was first required to file a motion to compel under Fed. R. Civ. P. 37 and be granted a court order compelling Defendant to produce this witness before seeking relief should be rejected.

Plaintiff in its first motion seeks the more drastic sanction of the transfer of the corporate authority of Defendant to the Receiver. As stated earlier, the Court has previously denied Plaintiff such relief. (Docket no. 533 at 6). The Court finds that the additional alleged improper conduct by Defendant Erwin Behr since the issuance of the previous order may be addressed sufficiently by the Order to Show Cause and possible contempt sanctions. Accordingly, Plaintiff's motion to compel surrender of corporate authority of Erwin Behr to Receiver should be denied.

*C. Motion for Contempt of Court against Defendant Behr Industries Corporation for Failure to Produce Witness for Deposition and Examination by Receiver*

Plaintiff seeks a contempt finding against BIC for its allegedly failing to produce for examination Klaus Villwock and Lorenz Geiger in their capacities as officers and directors of BIC. (Docket no. 609 at 9). Plaintiff relies upon exhibit 18 to support this argument. (*Id.*) This exhibit is a Notice of Taking Deposition and Notice to Produce Documents. It gives notice that Plaintiff will take the deposition of Klaus Villwock, in his capacity as Manager of Defendant Erwin Behr. He is to produce documents relating to the sale of Behr Automotive and/or Behr Industries Corporation by Erwin Behr. Plaintiff claims that Vilwock and Gieger resigned their positions in order to avoid testifying in this matter. (Docket no. 609 at 9).

Plaintiff has failed to allege or show that it filed a motion to compel either Villwock or Gieger to be deposed under Fed. R. Civ. P. 37(d) following their nonappearance. Unlike the above allegations against Erwin Behr, the district court's September 14 Order did not apply to BIC. (Docket nos. 570, 584). The sanctions of Rule 37(b)(2), including a finding of contempt, apply when the party "fails to obey an order to provide or permit discovery." Plaintiff has failed to show that the alleged failure of BIC here was a failure to obey an order because Plaintiff failed to first obtain an order compelling the discovery. Plaintiff's motion for contempt should be denied on this basis.

Moreover, Plaintiff attempts to hold BIC liable for not producing these witnesses when its Notice states that Villwock is to be deposed as a Manager of Erwin Behr and not BIC. It is doubtful that such a notice is sufficient to put BIC on notice that it is required to produce Villwock. Even if it is sufficient, Plaintiff does not contend that BIC may now compel Villwock, who has resigned his position, to appear at a deposition. (Docket no. 609 at 9).

Turning now to Geiger, Plaintiff has failed to show that it noticed his deposition. Plaintiff relies on exhibit 18 to show that Geiger was noticed. However, that Notice only mentions Villwock and not Gieger. (Docket no. 609, ex. 18). There is also no showing that the Receiver notified Geiger that he was to be examined. There is no basis to hold BIC liable for not producing Geiger.

Accordingly, Plaintiff's Motion for Contempt of Court against Behr Industries Corporation for Failure to Produce Witnesses for Deposition and Examination by Receiver should be denied.

*D. Motion for Order to Show Cause why Contempt of Court for Violation of Court Orders should not be found against Nonparties*

Plaintiff seeks an order to show cause why several non-parties should not be held in contempt of court. The named non-parties are: (1) Sami Sarkis, one of the former owners of Erwin Behr and an attorney, with offices in Syria and Germany; (2) Jens Schmelt, a German attorney who allegedly acted as a trustee in the management buyout of Erwin Behr; (3) Deutsche Bank, the bank which allegedly caused the surrender of Erwin Behr's stock to Schmelt; (4) Klaus Villwock and (5) Lorenz Geiger who were officers of Erwin Behr; (6) Dietmar Klaube, an alleged employee of Erwin Behr Automotive and formerly of Erwin Behr; (7) Buchanan Industrial Technologies, a German investment fund, which allegedly along with (8) Buchanan Capital Partners, (9) Franz Vermoegensverwaltung and (10) Dr. Heiko Frank, participated in the management buyout of Erwin Behr; and, finally, (11) Erwin Behr Automotive which is the successor company of Erwin Behr. Plaintiff seeks to have these non-parties pay as damages

for their contempt of court all sums to which Plaintiff is entitled in this action. (Docket no. 609 at 11).

As stated earlier, in order to be in contempt of a court order the court must find that a valid court order existed, the defendant had knowledge of the order, and the defendant disobeyed the order. *Cincinnati Bronze*, 829 F.2d at 591. Plaintiff shows that non-parties may be held in contempt for violating a court order if they knowingly aid or abet parties in violating the court order. *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 61 F.3d 94, 98 (1st Cir. 1995). Plaintiff argues that these non-parties had knowledge of the Receivership Order preventing the transfer of the assets of Erwin Behr.

However, several factors militate against granting Plaintiff's motion on the showing it has made here. First, in order to proceed against these non-parties in contempt proceedings the Court must have personal jurisdiction over them. *In re Estate of Ferdinand Marcos Human Rights Litigation*, 94 F.3d 539, 545 (9th Cir. 1996). Plaintiff only casually addresses the bases for the Court to assert personal jurisdiction over some of these non-parties. (Docket no. 609). There is no showing that Plaintiff has served this motion on these non-parties or taken any other action which might bring these non-parties under the jurisdiction of this Court. 11A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2960 (1995) ("[W]hen it is sought to charge a person with contempt who was not a party to the original action and thus not already within the jurisdiction of the court, that party must be served with process as in any other civil action."). As a result, there is no one representing the interests of these parties in this action. Defendant Behr has in its Response brief noted the court's lack of jurisdiction over these non-parties. (Docket no. 617 n.1).

In addition, the Court finds that the possibility is great that an order to show cause against these non-parties would ultimately be unenforceable. The Court should not order these non-parties to show cause if the Court lacks jurisdiction to enforce any disobedience to the order. *See In re Estate of Ferdinand*

*Marcos*, 94 F.3d at 545 (finding that court abused discretion by issuing futile injunction because court lacked personal jurisdiction over entity); *N.L.R.B. v. Family Heritage Home-Beaver Dam, Inc.,* 491 F.2d 347, 351 (7th Cir. 1974) ("Ordinarily a court would not grant an injunction requiring affirmative action in the face of a serious assertion that the decree will be meaningless because it can no longer be carried out, without inquiry into the truth of such assertion."). Even if this motion had been served on these non-parties and an order to show cause was served, there is no assurance that the Court could enforce any contempt order against these non-parties located in a foreign country. This is especially true when Plaintiff is requesting that these non-parties make payments as a sanction for their alleged contempt.

The question whether the Court could obtain personal jurisdiction over these non-parties and enforce any subsequent orders upon them is a fundamental concern that Plaintiff has not adequately addressed. The Court recommends that Plaintiff's Motion for an Order to Show Cause be denied without prejudice.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 09, 2007

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 09, 2007

s/ Lisa C. Bartlett
Courtroom Deputy