UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M&C CORPORATION,

          Plaintiff,

                    CIVIL CASE NO. 91-74110

v.

ERWIN BEHR GmbH & COMPANY, KG, et al.,    HONORABLE PAUL V. GADOLA
                                         U.S. DISTRICT COURT

          Defendants.
_____/

## ORDER

Before the Court are Plaintiff M&C Corporation's ("M&C") motion for contempt and Magistrate Judge Mona K. Majzoub's Report and Recommendation on Plaintiff's motion for contempt. Both Plaintiff M&C and Defendant Erwin Behr GmbH & Company, KG ("Behr") timely filed sets of objections to the Report and Recommendation. Intervenor Behr Industries Corporation ("BIC") also made several filings related to the Report and Recommendation. For the reasons stated below, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation, thereby granting in part and denying in part Plaintiff's motion for contempt.

    **I.**    **Background**

This case has a long and protracted history. The Magistrate Judge's Report and Recommendation gives a short summary of the current issues in the case:

> Generally, Plaintiff is now seeking to collect on Judgments entered in this Court in 1994 and 1995. (Docket no. 609, exs. 2 & 3). In 1996, the district court appointed a Receiver, Gerald Hepp, to take and have exclusive control, possession and custody of all assets and property of the defendant corporation, Erwin Behr. (*Id.* exs. 4, 5). That Court ordered that Erwin Behr, "its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them, except the receiver, are enjoined from directly or indirectly transferring, receiving, changing, encumbering, selling, removing, assigning or otherwise

disposing of any assets and property owned, controlled or in possession of the defendant." (*Id.* ex. 5). The Court later found Erwin Behr and BIC in contempt of court because they caused or allowed the sale of BIC in 2005 to Buchanan Industrial Technologies GmbH, a German private equity firm. (*Id.* exs. 7, 8). The Court in a September 14, 2006 Order granted some but not all the relief Plaintiff requested because of Defendants' contempt. *Id.* Plaintiff now brings these contempt motions alleging that Defendant Behr and Intervenor BIC and others continue to be in contempt of court by frustrating Plaintiff's attempts to collect on its Judgments against Erwin Behr.

Report and Recommendation, docket entry #626, pp.2-3. Plaintiff M&C's contempt motion was referred to the Magistrate Judge for consideration. The Magistrate Judge issued a Report and Recommendation, and both parties subsequently filed objections.

## II. Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because the parties filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the

Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because objections to the Magistrate Judge's Report and Recommendation have been filed, this Court will review the record *de novo*.

**III.   Analysis**

Plaintiff M&C's motion for contempt requests four items of relief from this Court:

1.  An order compelling surrender of all corporate authority of Defendant Behr to the Receiver Gerald Hepp;

2.  A finding that Behr is in contempt of court for its failure to appear for deposition and examination by the Receiver;

3.  A finding that BIC is in contempt of court for failure to produce designated witnesses for deposition and examination by the Receiver;

4.  An order requesting certain nonparties to show cause why contempt of court should not be entered against them.

The Magistrate Judge recommends that M&C's requests be granted in part and denied in

3

part. Behr filed objections to the Report and Recommendation arguing that M&C's requests are untimely and arguing that the Court lacks jurisdiction to consider M&C's requests. The Court finds these objections to be meritless for the reasons discussed by the Magistrate Judge, and accordingly, overrules Behr's objections. M&C also filed a motion for leave to file a supplemental memorandum. Having considered the relevant filings on the docket, the Court grants M&C's motion for leave to file a supplemental memorandum. M&C also filed a set of objections to the Report and Recommendation. The Court will now consider each requested item of relief in turn.

### A. M&C's request for an order compelling surrender of all corporate authority of Behr to the Receiver Gerald Hepp

M&C requests that Behr transfer all corporate authority from Behr to the Receiver. The Magistrate Judge recommends that this request be denied. The Magistrate Judge also states that "the additional alleged improper conduct by Defendant Erwin Behr since the issuance of the previous order may be addressed sufficiently by the Order to Show Cause and possible contempt sanctions." Report and Recommendation, docket entry #626, p.6.

After having reviewed the relevant submissions of parties and after having made a *de novo* review of the Report and Recommendation, the Court finds that the conclusion of the Magistrate Judge to be reasonable and appropriate under the circumstances. The Court finds that a surrender of all corporate authority is a drastic and extreme sanction. The Court agrees with the Magistrate Judge's assessment that M&C's concerns about Behr's alleged improper conduct can be adequately addressed at the current time through future orders to show cause and possible sanctions. Accordingly, M&C's request is denied.

### B. M&C's request for a finding that Behr is in contempt of court for its failure to appear for deposition and examination by the Receiver

M&C requests that Behr be found in contempt of court for failing to appear for a deposition and examination. In the Report and Recommendation, the Magistrate Judge recommends that M&C's request be granted "to the extent that Defendant Erwin Behr should be ordered to show cause why it should not be held in contempt for failing to identify a witness as directed." Report and Recommendation, docket entry #626, p.5. M&C does not object to this recommendation.

After a *de novo* review of M&C's request, the Court finds that the Magistrate Judge's recommendation to proceed with an order to show cause directed to Defendant Behr is reasonable. Accordingly, M&C's request is granted to the extent that Behr is ordered to show cause why it should not be held in contempt for failing to identify a witness as directed.

**3. M&C's request for a finding that BIC is in contempt of court for failure to produce designated witnesses for deposition and examination by the Receiver**

M&C requests a finding of contempt against BIC for allegedly failing to produce for examination two officers and directors of BIC, Klaus Villwock and Lorenz Geiger. The Magistrate Judge recommends that the request be denied because M&C has not sufficiently alleged or shown that the nonappearance of Villwock and Geiger was in violation of an earlier order, or that Villwock and Geiger had proper notice. M&C objects to the recommendation and argues that contempt is proper.

The Court has made a *de novo* review of M&C's request. Instead of making a finding of contempt, the Court rules that an order to show cause directed to BIC is appropriate under the circumstances. M&C has raised sufficient issues concerning whether BIC's officer Villwock and Geiger acted in violation of this Court's September 14, 2006 order, by not appearing for examinations. Accordingly, M&C's request is granted to the extent that BIC is ordered to show cause why it should not be held in contempt for failing to produce Villwock and Geiger as witnesses.

5

**4. M&C's request for an order showing cause why contempt of court should not be entered against several nonparties**

Finally, M&C requests from the Court an order showing cause why several nonparties should not be held in contempt of court for violating this Court's order preventing transfer of Behr's assets. The Magistrate Judge recommends that this relief be denied because M&C has not sufficiently shown that the Court could exercise personal jurisdiction over these parties or could enforce any subsequent orders.

M&C objects to the Magistrate Judge's recommendation and argues that an order to show cause should be issued against the nonparties. M&C compellingly cites Wright, Miller & Kane's *Federal Practice and Procedure* in support of the position that this Court can issue an order to show cause why nonparties should not be held in contempt and can require that the order be served on the nonparties. *See* 11A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2960 (1995). In its objections, M&C states that it is prepared to effect service of process upon any nonparty once an order to show cause is issued. After service of process, the nonparty would then have the opportunity to respond to the order of show cause.

The Court understands that some time has elapsed since M&C first filed its motion for contempt. Furthermore, there may have been additional developments in this case of which this Court is not aware. Accordingly, the Court will not at this time issue a set of orders to show cause against the nonparties listed by M&C. Instead, the Court will permit M&C to file with the Court an updated list of the nonparties which M&C alleges as meriting contempt for failure to comply with orders of this Court. This list shall enumerate the nonparties in separate sections, shall state with specificity the identity of each of the nonparties, and shall give clear and convincing evidence of the violations of the Court's orders for each nonparty that support the issuance of orders to show cause

for contempt.

IV. **Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff M&C's motion for leave to file a supplement [docket entry #633] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Behr's objections [docket entry #629] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff M&C's objections [docket entry #628] are **OVERRULED IN PART and SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry #626] is is **ACCEPTED IN PART** as the opinion of this Court, in a manner not inconsistent with this Order, and that Plaintiff M&C's motion for contempt [docket entry #609] is **GRANTED IN PART and DENIED IN PART.** In particular, **IT IS ORDERED** that:

1. M&C's request for an order compelling surrender of all corporate authority of Behr to the Receiver is **DENIED**.

2. M&C's request for a finding that Behr is in contempt of court for its failure to appear for deposition and examination by the Receiver is **GRANTED** to the extent that Behr is **ORDERED** to show cause within **thirty (30) days** of this order why it should not be held in contempt for failing to identify a witness as directed.

3. M&C's request for a finding that BIC is in contempt of court for failure to produce designated witnesses for deposition and examination by the Receiver is **GRANTED** to the extent that BIC is **ORDERED** to show cause within **thirty (30) days** of this order why it should not be held in contempt for failing to produce Villwock and Geiger as witnesses.

4. M&C's request for an order showing cause why contempt of court should not be entered against several nonparties is **DENIED WITHOUT PREJUDICE**. The Court will permit M&C to file with the Court an updated list of the nonparties which M&C alleges as meriting contempt for failure to comply with orders of this Court. This list shall enumerate the nonparties in separate sections, shall state with specificity the identity of each of the nonparties, and shall give clear and convincing evidence of the violations of the Court's orders for each nonparty that support the issuance of orders to show cause for contempt.

**SO ORDERED.**

Dated:   December 7, 2007   　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 7, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Irwin M. Alterman; Elisa M. Angeli; Richard D. Bisio; Russ E. Boltz; Michael C. Fayz; Anthony J. Long; John C. Louisell; Larry J. Saylor                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                            .

　　　　　　　　　　　　　　　　　　　　　　　s/Ruth A. Brissaud
　　　　　　　　　　　　　　　　　　　　　　　Ruth A. Brissaud, Case Manager
　　　　　　　　　　　　　　　　　　　　　　　(810) 341-7845