**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

M AND C CORPORATION,
a Michigan Corporation,

   Plaintiff,    CIVIL ACTION NO. 91-CV-74110-DT

 vs.

            DISTRICT JUDGE PAUL V. GADOLA

ERWIN BEHR GmbH and   MAGISTRATE JUDGE MONA K. MAJZOUB
Co., KG, et al.,

   Defendants.
_____/

**ORDER DENYING KEMP KLEIN LAW FIRM'S MOTION TO QUASH SUBPOENA
AND
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE RESPONSE**

This matter comes before the Court on non-party Kemp Klein Law Firm's Motion to Quash Subpoena filed on June 6, 2008. (Docket no. 683). Plaintiff M & C Corp., which served the subpoena on Kemp Klein, filed a Response on July 8, 2008 (docket no. 687) along with a Motion for Leave to File Late Response (docket no. 686). Kemp Klein has filed a Response to Plaintiff's Motion for Leave to File Late Response. (Docket no. 688). Kemp Klein has also filed a Reply brief on its Motion to Quash. (Docket no. 689). Plaintiff has filed a Reply brief on its Motion for Leave to File Late Response. (Docket no. 690). These motions have been referred for decision.[1] (Docket no. 685). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(e).

---

[1] The parties continue to brief these motions beyond a reply brief which is not proper. (Docket nos. 692, 693). Those briefs will not be considered by the Court. *See* E.D. Mich. LR 7.1(d)(2). Kemp Klein has filed an action for declaratory judgment against BIC in Michigan state court on the question of whether BIC owns and has a right to Kemp Klein's work product. (Docket no. 683 at 13 n.7).

-1-

The Court will grant Plaintiff's Motion for Leave to File Late Response in which counsel states that the delay in filing was due to the illness of co-counsel. (Docket no. 686). Therefore, Plaintiff's Response will be considered.

On May 19, 2008 Plaintiff M & C Corporation served a subpoena on the Kemp Klein Law Firm to produce "[a]ll documents, papers and things relating to the representation of Behr Industries Corporation by Kemp Klein law firm which have been withheld from delivery to Howard & Howard Attorneys, P.C., attorneys for Behr Industries Corporation, on the basis of any legal and/or evidentiary privilege." (Docket no. 683 ex. 1). Kemp Klein objected on several grounds on May 23, 2008. (*Id*. ex. 2). Kemp Klein now moves to quash this subpoena pursuant to Fed. R. Civ. P. 45(c)(3). (Docket no. 683).

Kemp Klein represented Behr Industries Corporation (BIC) in this matter from 1995 until 2008. (Docket no. 684). It was then that Plaintiff and BIC entered into a settlement agreement. (*Id*.). After the settlement BIC terminated Kemp Klein's representation and hired Howard & Howard to represent it. (*Id*.). Howard & Howard has represented Plaintiff from the beginning of this action. (*Id*.). After these events, Howard & Howard demanded that Kemp Klein make available to it all files from Kemp Klein's representation of BIC. (*Id*.). Kemp Klein provided several thousand pages of material but declined to produce its internal work product, including Kemp Klein's research, notes, working papers, and internal communications on the ground that that portion of the file belongs to the law firm, not the client, and that the client is not entitled to receive it or copy it. (*Id*.). On May 19, 2008 Howard & Howard served the subpoena for the records that Kemp Klein earlier withheld. (*Id*.).

Rule 45(c)(3) provides that the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Rule 45(d)(2) sets out the requirements for the person who withholds subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material. That person must expressly make the claim and describe the nature of the withheld documents in a manner that, without revealing the information itself, will enable the parties to assess the claim. Fed. R. Civ. P. 45(d)(2).

This case is unusual because BIC hired the law firm of its former adversary, Plaintiff, to represent it and, having settled all claims with Plaintiff with prejudice, waived any "attorney-client or other legal privileges held by Behr Industries Corporation" in connection with Plaintiff's counsel's review of documents and file materials received by Plaintiff's counsel's firm from BIC's former counsel, Kemp Klein. (Docket no. 687 exs. F, G). These actions taken by BIC distinguish this case from the cases which present the normal factual scenario of work product issues and ultimately convince this Court that Kemp Klein Law Firm's Motion to Quash must be denied.

As an initial matter the Court notes that the parties have approached the question of the applicability of the work product doctrine to the disputed material in general terms rather than on a more detailed, document by document, level. Kemp Klein did not serve a privilege log[2] listing each document withheld and describing each document as required by Fed. R. Civ. P. 45(d)(2). Therefore, this Court cannot and will not decide whether any specific documents or categories of documents are protected by the work product doctrine.

---

[2] Kemp Klein has described the general categories of information withheld and contends that it should not be required to submit a document-by-document privilege log until the Court "rules on the general question of whether opposing counsel's work product is discoverable at all." (Docket no. 683 at 20).

Kemp Klein relies upon cases which consider the normal factual scenario presented by a question of the coverage of the work product doctrine, *i.e.*, whether an party may have access to opposing counsel's work product. (Docket no. 683 at 14-15). However, such cases are inapposite here. The question presented by Kemp Klein's Motion to Quash is whether it may invoke the work product doctrine against Plaintiff even though Kemp Klein's former client has clearly indicated its preference (through the request of current counsel of BIC for the documents and the written waiver by BIC) that the material be produced to Plaintiff. Kemp Klein argues that it is withholding the material out of concern "for the integrity of its work product" and "for any claims of individuals who may have thought they were communicating with Kemp Klein in confidence." (Docket no. 683 at 13). Plaintiff M & C Corp. argues that the material is 'likely to shed further light on the precise role played by Kemp Klein and others who were directly involved in" the sale of BIC and another subsidiary of Defendant Erwin Behr GmbH & Co. in violation of this Court's earlier order prohibiting Defendant Erwin Behr from transferring any of its assets. (Docket no. 687 at 13).

This Court finds compelling the analysis of this same issue in *Martin v. Valley Nat'l Bank of Arizona*, 140 F.R.D. 291 (S.D.N.Y. 1991). The *Martin* court granted the Department of Labor's (which was litigating on behalf of the former client of a law firm) motion to compel production of documents from the law firm, over the firm's attempt to invoke the work product doctrine, because the firm's former client had "not merely waived the work-product protection applicable to documents generated by its former attorneys, but [had] requested the attorneys to release the documents to the Department of Labor." 140 F.R.D. at 321. The *Martin* court found that "the purpose of the work-product protection is to safeguard the efforts of the attorney on behalf of his client by preventing an adversary counsel from obtaining a free ride on the work of the attorney."

(*Id*. at 320). The *Martin* court further found that the "point of the rule is to protect the integrity of the adversary process." (*Id*.). In view of the rationale of the work product doctrine it is not applicable "to an attorney's efforts to withhold the fruits of his professional labors from the client." (*Id*.).

This conclusion is bolstered by the reasoning in cases in which the former client and the law firm are both parties to an action, in contrast to the present action where BIC and Kemp Klein are not parties, and the former client is granted access to documents possessed by counsel relating to the representation over claims of work product protection. *See, e.g., Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*, 689 N.E.2d 879, 883 (N.Y. 1997) (barring a substantial showing by firm of good cause to refuse client access, former client should be entitled to inspect and copy work product materials).

This Court need not further define the parameters of the work product doctrine applicable to the material in question given Kemp Klein's failure to produce a detailed privilege log.[3] Kemp Klein's rationale for quashing in its entirety Plaintiff's subpoena is rejected. This is not to suggest that there are not some types of documents that the firm should not be required to disclose. The *Sage Realty* court found that the firm should not have to disclose documents which might violate a duty of nondisclosure owed to a third party or otherwise imposed by law, or those firm documents "intended for internal law office review and use." (*Id*.). Should the parties require further rulings

---

[3] The Court recognizes Kemp Klein's argument that it should not be required to create a privilege log for what it contends is an overly broad subpoena. (Docket no. 683 at 21). However, Kemp Klein does not move to quash the subpoena on this basis. It should therefore follow the procedure it advocates as the proper response to an overly broad subpoena which is to object on that basis and shift the burden to the issuing party to either work out the problem with the commanded party or to move in the issuing court for an order compelling production. (*Id*.).

on whether specific documents are protected by the doctrine they must present the issues in the proper procedural manner.

**IT IS THEREFORE ORDERED** that the Motion to Quash Subpoena filed by Kemp Klein Law Firm (docket no. 683) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Late Response (docket no. 686) is **GRANTED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 04, 2008            s/ Mona K.Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated:  August 04, 2008           s/ Lisa C. Bartlett
                                  Courtroom Deputy